# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. HAINES,<br><br>Defendant. | 2:10-CR-600 JCM (VCF) |

**ORDER**

Presently before the court is petitioner James Henderson Haines' motion to vacate under 28 U.S.C. § 2255. (Doc. # 54). The government filed a response in opposition (doc. # 56), and petitioner filed a reply (doc. # 57).

**I.    Background**

On April 5, 2011, a federal grand jury returned a superseding indictment charging petitioner with five counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951, three counts of bank robbery in violation of 18 U.S.C. § 2113(a), and seven counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. # 26). On July 28, 2011, pursuant to a plea agreement with the government, petitioner pled guilty to the robbery counts, and the government moved to dismiss the § 924© counts. (Docs. # 36 & 37).

At the sentencing hearing on October 27, 2011, petitioner was sentenced to 235 months imprisonment. (Docs. # 42 & 44). In determining an appropriate sentence, the court considered two prior felonies in addition to the instant offense. One of previous felonies was for possession of an

**James C. Mahan**
**U.S. District Judge**

unregistered firearm. The firearm in question in this prior offense was a machine gun, as noted in the petitioner's appellant's brief for that conviction and confirmed by the pre-sentencing report in this case. *See* Appellant's Opening Brief at 8, *USA v. Haines*, 1993 WL 13098377 (1993) (No. 93-10228). Petitioner filed a notice of appeal, and on May 31, 2012, the Ninth Circuit granted his motion to voluntarily dismiss the appeal. (Docs. # 47 & 52).

On April 26, 2013, petitioner, acting *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. # 54). Petitioner seeks post-conviction relief on the ground that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution because his attorney did not recognize that he did not qualify as a career offender.

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the petitioner "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).[1]

**III.   Discussion**

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the

---

[1] This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). But the "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. M*assaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509). However, the government does not argue that defendant's claim is procedurally defaulted and the court does not find the claim to be procedurally defaulted either. Therefore, the court turns to the merits.

1  outcome." *Id.* at 694.

2  Petitioner contends that his counsel was constitutionally ineffective because his counsel did not realize that he did not qualify as a career offender and that had his counsel realized this, the "guideline bargaining range" would have been lower, and there is a reasonable probability that he would have received a lower sentence. Petitioner does not contest the validity of his guilty plea itself.

### A. Strickland *Prong One: Professional Reasonableness / Deficient Performance*

The court finds that petitioner has not met his heavy burden of showing his counsel's representation was deficient. To establish ineffective assistance of counsel, a defendant must show that his counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 687. The court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira-Alameda,* 815 F.2d 1251, 1252 (9th Cir. 1987)(as amended)(citations omitted). Here, the petitioner's attorney's alleged failure to realize petitioner did not qualify as a career offender does not constitute deficient performance because petitioner *was* a career offender.

A defendant qualifies as a career offender if (1) he was at least 18 years old when he committed the instant offense; (2) the instant offense is, *inter alia*, a felony crime of violence; and (3) the defendant has at least two prior felony convictions for, *inter alia*, crimes of violence. *See* U.S.S.G. § 4B1.1. Here, petitioner contends that he is not a career offender because one of his two prior felony convictions for a crime of violence, a conviction for possession of an unregistered firearm, is not actually a crime of violence.

For purposes of the career offender guideline, "crime of violence" means:

> (a) * * * any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

        (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. An application note explicitly directs that, while unlawful possession of a firearm by a felon does not generally constitute a crime of violence, it does if "the possession was of a firearm described in 26 U.S.C. § 5845(a)." U.S.S.G. § 4B1.2 app. n.1. Firearms "described in 26 U.S.C. § 5845(a)" include short-barreled shotguns, *machine guns*, silencers, and destructive devices. 26 U.S.C. § 5845(a) (emphasis added).

Petitioner's prior conviction was for possession of an unregistered machine gun–this is a "firearm" within the above-stated statutory definition.[2] And therefore this prior felony qualifies as a "crime of violence" under U.S.S.G. § 4B1.2. Because defendant does not contest that the other previous felony was a crime of violence–the court finds that defendant was properly classified as a career offender as defined in U.S.S.G. § 4B1.1.

Petitioner primarily relies on two cases to attempt to show that his conviction for possession of an unregistered firearm (a machine gun) is not a crime of violence. The first is *United States v. Reyes*. 907 F. Supp. 2d 1068 (N.D. Cal. 2012). In *Reyes,* the court found "[d]efendant's predicate offense of possession of a short-barreled shotgun is not a crime of violence within the meaning of 18 U.S.C. § 16(b)." *Reyes*, 907 F. Supp. 2d at 1077. However, 18 U.S.C. § 16 uses a different definition of "crime of violence" then the career offender guideline at issue here. Further, *Reyes* specifically notes that "the definition of a crime of violence under § 16(b) is narrower than that in U.S.S.G. § 4B1.2." *Id.* Therefore, this case is distinguishable from *Reyes*.

Petitioner also relies on *Leocal v. Ashcroft*, which held that a driving under the influence ("DUI") offense is not categorically a crime of violence under § 16(b) because that section "relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." 543 U.S. 1, 10 (2004). However, like *Reyes*, *Leocal* involves § 16(b) not § 4B1.2. Indeed, the Court

---

[2] Further, the Ninth Circuit has held, and repeatedly reaffirmed, that possession of an unregistered firearm is a crime of violence for purposes of the career offender guideline. *See, e.g., United States v. Ankeny*, 502 F.3d 829 (9th Cir. 2007); *United States v. Delaney*, 427 F.3d 1224 (9th Cir. 2005).

**James C. Mahan**
**U.S. District Judge**

- 5 -

specifically distinguished between the two definitions and suggested that a DUI offense may constitute a crime of violence under § 4B1.2, even though it does not qualify under § 16(b). Therefore, *Leocal* is also distinguishable from the present case.

Thus, petitioner's argument that his counsel was constitutionally ineffective because his counsel did not realize that he did not qualify as a career offender is without merit, and counsel is not ineffective if counsel does not raise a meritless argument. *See Wilson v. Henry*, 185 F.3d 986, 991 (9th Cir. 1999). Accordingly, counsel's performance was not deficient.

### B. Strickland *Prong Two: Prejudice*

Because counsel's performance was not deficient, the court need not address prejudice. However, in fairness, the court addresses the merits of the second prong of *Strickland*.

Petitioner argues that he was prejudiced by ineffective counsel because had his counsel realized he was not a career offender, the "guideline bargaining range" would have been lower and there is a reasonable probability that he would have received a lower sentence. This argument fails for several reasons.

First, petitioner *was* a career offender, so there was no lower guideline range to be had. Second, even assuming *arguendo* that petitioner was not a career offender, no reasonable possibility exists that petitioner would have received a lower sentence. As part of the plea agreement, charges that carried a cumulative 157 years of mandatory, consecutive imprisonment were dismissed, and the parties jointly recommended a 235-month sentence (*see* doc. # 37, ¶ D.1). Because defendant faced a significantly longer sentence under the § 924© counts, and as part of the agreement, defendant received a less severe sentence, the court's confidence in the sentence imposed is not undermined even in the event that defendant was not classified as a career offender.

Thus, petitioner's argument that he was prejudiced by his counsel's alleged ineffective assistance fails as there is no reasonable probability that the government would have agreed to a sentence lower than 235 months, in light of the concessions the government already made, and in light of the seriousness of petitioner's offenses of conviction. *See Strickland*, 466 U.S. at 694.

James C. Mahan
U.S. District Judge

- 6 -

### C. Evidentiary Hearing

Finally, the petitioner seeks an evidentiary hearing. (Doc. # 57, 5-6). A habeas petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).

Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

Mere conclusory statements in a § 2255 motion are insufficient to mandate an evidentiary hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. *Id*.

In this case, no evidentiary hearing is warranted because the record clearly demonstrates that petitioner is a career offender and thus is not entitled to relief under § 2255.

## IV. Certificate of Appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, the court may only issue a certificate of appealability when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

The court declines to issue a certificate of appealability.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that petitioner's motion to vacate under 28 U.S.C. § 2255 (doc. # 54) be, and the same hereby, is DENIED.

DATED July 3, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 8 -