UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. HAINES,<br><br>Defendant. | 2:10-CR-600 JCM (VCF) |

**ORDER**

Presently before the court is petitioner James Henderson Haines' motion (doc. # 61) for the court to reconsider its order declining to issue a certificate of appealability (doc. # 58). No response was filed to this motion.

With the instant motion, petitioner requests that the court reconsider its refusal to issue a certificate of appealability regarding the denial of petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. In the underlying motion, petitioner argued that he was denied effective assistance of counsel because, during his plea negotiations, petitioner's attorney believed that petitioner qualified as a career offender under the United States Sentencing Guidelines ("USSG"). Though the government, petitioner's counsel, and the court all agreed that petitioner was a career offender, petitioner asserted that this classification was erroneous because his crime, being a felon in possession of a firearm, was not a "crime of violence."

The court denied both the motion to vacate and the request for a certificate of appealability after finding that it was clear from the text of the guidelines that petitioner *did* qualify as a career

**James C. Mahan**
**U.S. District Judge**

offender. The court observed that while unlawful possession of a firearm by a felon does not generally constitute a crime of violence, it does if the particular firearm was, *inter alia*, a short-barreled shotgun or machine gun. (Doc. # 58 p. 5) (citing 26 U.S.C. § 5845(a)). Because petitioner's crime involved a machine gun, the court found that it constituted a crime of violence and counted toward petitioner's classification as a career criminal. (Doc. # 58 p. 5).

When reviewing a denial of a request for relief pursuant to 28 U.S.C. § 2255, "the district court should consider any new evidence, change in law, clear error, or manifest injustice." *United States v. Cobar*, 2012 WL 3882200 *1 (D. Nev. 2012) (citing *Culler v. Board of Prison Terms*, 405 Fed. Appx. 263, 264 (9th Cir. 2010)).

Petitioner now points to *United States v. Miller*, 721 F.3d 435 (7th Cir. 2013), claiming that this case supports the assertion that mere possession of a machine gun does not constitute a crime of violence under the sentencing guidelines. While petitioner is correct that this case considered whether the possession of a sawed-off shotgun constituted a crime of violence, the Seventh Circuit specifically stated that this question was in reference to the Armed Career Criminals Act ("ACCA"), not the USSG. *See Miller* 721 F.3d at 441-42. In fact, the *Miller* court observed that the USSG directly state that possession of a sawed-off shotgun *does* constitute a crime of violence. See *id*. at 441.

Therefore, the decision referred to by petitioner relates to a statutory scheme that is entirely separate from that which the court considered in issuing his sentence. Furthermore, even if this decision did represent a change in the law relating to petitioner's sentence, his motion to vacate would still fail to raise a substantial showing that he was denied effective assistance of counsel. As such, the court finds that *United States v. Miller* does not represent a change in the relevant law, and petitioner's motion to reconsider will be denied.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner James
3  Henderson Haines' motion for the court to reconsider its order declining to issue a certificate of
4  appealability (doc. # 61) be, and the same hereby is, DENIED.

5  DATED February 19, 2014.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**