# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:10-CR-600 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES HENDERSON HAINES, | |
| Defendant(s). | |

Presently before the court is petitioner James Henderson Haines's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 68). The government has filed a response. (ECF No. 72).[1] Petitioner has not replied, and the period to do so has since passed.

**I.    Facts**

On July 28, 2011, petitioner pleaded guilty to 1,3,5,7,9,11,12,14 of the superseding indictment (ECF No. 26) pursuant to a plea agreement (ECF No. 37). (ECF No. 36).

On October 27, 2011, the court sentenced petitioner to 235 months per count to run concurrently, followed by three (3) years supervised release per count to run concurrently. (ECF No. 42). Petitioner was advised of his rights to file an appeal. (ECF No. 42). The court entered judgment on November 1, 2011. (ECF No. 44).

On November 8, 2011, petitioner filed a notice of appeal (ECF No. 47), but later voluntarily dismissed to appeal (ECF No. 52).

In the instant motion, petitioner moves to vacate the sentencing enhancement applied to his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"). (ECF No. 68).

---

[1] As an initial matter, the court construes the government's motion to dismiss as a response.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

In the instant motion, petitioner requests that the court vacate his erroneous sentencing enhancement pursuant to *Johnson*. (ECF No. 68). In particular, petitioner argues that his sentence violates due process of law and that under *Johnson*, he does not qualify as a career offender under the United States Sentencing Guideline ("USSG") § 4B1.1. (ECF No. 68 at 2).

The court disagrees. In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56.

*Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause. Rather, petitioner was sentenced under the USSG § 4B1.1. Nonetheless, petitioner argues that the court should apply *Johnson*'s holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language and because other circuits have held § 4B1.2's residual clause to be unconstitutionally vague. (ECF No. 68). The court, again, disagrees.

In *Beckles v. United States*, the United States Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." No. 15-8544, 2017 WL 855781, at *9 (U.S. Mar. 6, 2017). In particular, the Supreme Court found, in relevant part, as follows:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

2017 WL 855781, at *6.

Because the USSG's residual clause is not subject to a vagueness challenge under the due process clause, petitioner's argument fails. Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 68).

**IV.     Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)

**James C. Mahan**
**U.S. District Judge**

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 68) be, and the same hereby is, DENIED.

DATED April 18, 2017.

_____
UNITED STATES DISTRICT JUDGE