UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES HENDERSON HAINES,<br><br>Defendant(s). | Case No. 2:10-CR-600 JCM (VCF)<br><br>ORDER |

Pending before the court is defendant Nathaniel Royal's *pro se* motion for a sentence reduction under Amendment 821 of the United States Sentencing Commission Guidelines. (ECF No. 76). Amendment 821 is a retroactive amendment that provides a 2-level downward offense level adjustment for certain zero-point offenders whose offenses fit within the guideline's criteria. *See* USSG § 4C1.1.

This court sentenced the defendant on October 27, 2011. (ECF No. 42). The defendant filed his Amendment 821 motion *pro se*, requesting that the court appoint him counsel to assist him with his motion. (ECF No. 76). He was shortly thereafter appointed a federal public defender, pursuant to General Order 2023-09.[1] (ECF No. 78).

The defendant's counsel filed a notice of non-eligibility. (ECF No. 79). She informs the court that she reviewed the defendant's motion (and other relevant documents) and has determined that the defendant does not qualify for a sentence reduction under Amendment 821 because the

---

[1] General Order 2023-09 presumptively appointed counsel for any defendant "previously determined to have been entitled to appointment of counsel, or who is now entitled to appointment of counsel, to determine whether that defendant may qualify for retroactive relief under Amendment 821."

**James C. Mahan**
**U.S. District Judge**

defendant was not a zero-point offender when sentenced. (*Id.*). The court finds no reason to deviate from counsel's representations regarding her client.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for a sentence reduction (ECF No. 76) be, and the same hereby is, DENIED

DATED April 25, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**